SHANNON LEE DESHAY V. MARK D. BEATTY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-444-CV

SHANNON LEE DE SHAY APPELLANT

V.

MARK D. BEATTY APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this contract case, appellant Shannon Lee De Shay appeals a summary judgment granted in favor of appellee Mark Beatty.  In two issues on appeal, De Shay asserts that the evidence was legally insufficient to support the summary judgment.  We will affirm.

Background

On December 6, 2001, De Shay and Beatty entered into an agreement:

In consideration of the agreement of Mark D. Beatty (“Beatty”) to execute a promissory note in the principal amount of Seven Thousand and No/100 ($7,000.00) Dollars in favor of Wells Fargo Bank Texas, NA (“Bank”), dated on or about December 7, 2001, (“Note”), Beatty and De Shay agree as follows:

1. De Shay shall be entitled to the entire proceeds of the Note in the amount of $7,000.00, and shall assume the full responsibility for repayment of the entire principal and interest due under the term of the Note.

2. If De Shay should fail to repay any principal or interest due under the terms of the Note, requiring Beatty to make any such payments, De Shay agrees to indemnify and repay Beatty in full for any such payments within thirty (30) days after such payment, if any, are made by Beatty. 

Beatty gave De Shay a personal check for $7,000 when the agreement was signed because she was leaving town the next day and needed the money to make her house payment. 

On December 12, 2001, Beatty signed a promissory note with Wells Fargo Bank and sent De Shay “a copy of the Note which I entered into for your benefit as a result of our December 6
th
 agreement.”  In his letter to De Shay, Beatty notified her of the amount of the monthly payments and the address to which she should send the payments.  The first payment was due January 20, 2002. 

On January 30, 2002, Beatty wrote De Shay acknowledging her December 14, 2001 voice mail in which she indicated she would prefer to make her payments directly to Beatty.  Beatty also informed De Shay that the loan was technically in default because neither he nor the Bank had received the initial payment and that if she did not make a payment by February 8, he would “be forced to repay the loan in its entirety.” 

On February 18, 2002, Beatty’s attorney sent a collection letter to De Shay.  In the letter, Beatty’s attorney stated that because De Shay had ignored the prior requests for reimbursement, “Mr. Beatty has been left with no alternative but to repay the terms of the Promissory Note taken out for your benefit, resulting in payment by him [of] $7,155.15, which includes interest on the principal amount . . ..”  Beatty’s attorney also stated that Beatty would pursue litigation if De Shay did not repay the $7,155.15 to Beatty by March 11, 2002. 

On April 9, 2002, Beatty sued De Shay for breach of contract.  De Shay filed a pro se answer in which she acknowledged the loan and stated, “I am willing to pay back the $7,000 . . . .”  

Beatty filed a motion for summary judgment.  Attached to the summary judgment were copies of Beatty’s personal check, the December 6
 agreement between Beatty and De Shay, the promissory note, the above-described letters from Beatty to De Shay dated December 12, 2001 and January 30, 2002, the February 18, 2002 letter from Beatty’s attorney to De Shay, De Shay’s pro se answer filed in this litigation, Beatty’s affidavit, and Beatty’s attorney’s affidavit.  In his affidavit, Beatty stated under oath that under the terms of the December 6 agreement he obtained the promissory note between the bank and himself for De Shay’s benefit, that De Shay had made no payments to either him or the bank, and, as a result, he had expended $7,155.15 in principal and interest payments on the note.  De Shay did not file a response to the motion for summary judgment, and the trial court granted summary judgment in Beatty’s favor for the $7,000 due on the note, plus interest and attorney’s fees. 

Discussion

In a summary judgment appeal, the issue is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.  
The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

Absent the filing of an answer or response to the summary judgment motion, on appeal the nonmovant may only contend that the movant’s evidence supporting the motion was insufficient as a matter of law or that the grounds in the motion do not dispose of all the claims in the case.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Clear Creek Basin
, 589 S.W.2d at 678.  
In two issues on appeal, De Shay contends that the trial court erred by granting the motion for summary judgment because there is a material fact issue concerning whether De Shay is obligated to pay Beatty.  

Specifically, De Shay argues that there is no evidence that Beatty either received any money from, paid any money to, or incurred any obligation to Wells Fargo Bank under the terms of the December 6 agreement, a copy of which was attached as Exhibit C to Beatty’s motion.  De Shay points out that the note is not signed by any bank officer, and it has not been shown to have been authorized by any agent of the bank.  The copy of the note, however, is authorized by Beatty’s affidavit as a true and correct copy of the consumer note and security agreement he entered into, and it is signed by him.  De Shay cites no authority that a promissory note must be signed by the lender to be valid.

In addition to the promissory note, Beatty’s affidavit establishes that he borrowed the money from Wells Fargo Bank pursuant to the terms of the December 6 agreement and that he repaid the loan amount plus interest when De Shay breached the December 6 agreement.  Viewing the evidence in the light most favorable to De Shay, we hold that the evidence was legally sufficient and that Beatty conclusively established all of the elements of his breach-of-contract cause of action as a matter of law.  
See Clear Creek Basin, 
589 S.W.2d at 678.  Accordingly, we overrule both of De Shay’s issues on appeal.

Conclusion

Having overruled both of De Shay’s issues on appeal, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  June 26, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.